UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| DENISE COPE, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 5:18-cv-552-LCB |
| DANIEL HANCOCK, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court are three motions to dismiss: (1) a Motion to Dismiss (Doc. 4) filed by defendant Scott Vowell ("Vowell"); (2) a Motion to Dismiss (Doc. 8) filed by defendant Wolfe, Jones, Wolfe, Hancock, Daniel & South, LLC ("Wolfe Jones") and a defendant improperly named as Daniel Hancock ("Hancock"); and (3) a Motion to Dismiss (Doc. 13) filed by defendant the Alabama State Bar (the "ASB"). For the reasons stated below, the Court will grant the motions to dismiss filed by Wolfe Jones, Hancock, and the ASB, and dismiss this action for lack of subject matter jurisdiction.

**I.    BACKGROUND**

On April 6, 2018, plaintiff Denise Cope filed a complaint (Doc. 1) in this action. Listed as defendants in her complaint are Vowell, Wolfe Jones, Hancock, and the ASB. The address for each defendant is in the State of Alabama. (Doc. 1,

p. 2). Plaintiff has indicated that the Court has subject matter jurisdiction due to a "Constitutional or Federal Question"; plaintiff also writes, "Involves a previous federal case + fraud." (*Id*. at 3). In another place in her complaint, plaintiff states that her claim "involves fraud in a federal case/arbitration." (*Id*. at 5). Plaintiff asserts that the total amount in controversy is $80,000, $20,000 against each of the four defendants. (*Id*. at 4).

In the attachment (Doc. 1-1) to her complaint, plaintiff alleges that she was the plaintiff in a federal case that went to arbitration. Count 1 appears to allege a claim of fraud against Hancock and his firm, Wolfe Jones, for actions taken during the arbitration. Although it is not clear who Hancock represented at the arbitration, plaintiff alleges that Hancock committed fraud by coaching his client. Counts 2 and 3 appear to allege claims against Hancock for harassment for inundating plaintiff with copies of items that he filed and also for fraud. Count 4 alleges a claim against the arbitrator, Vowell, for actions taken while acting as arbitrator, but the Court cannot ascertain what the exact claim might be. Count 5 appears to allege a claim against the ASB for its failure to investigate plaintiff's complaints against Hancock and Vowell. Plaintiff further asserts that "[a]ll Defendants violated the Federal Statue [sic] for Fraud and Committed Fraud on a Civil Level due to the misrepresentations by all of the parties hurting the victim and resulting in an award against her." (Doc. 1-1, p. 4).

In response to plaintiff's complaint, all defendants filed motions to dismiss. In the Motion to Dismiss (Doc. 4) filed by Vowell, he argues that plaintiff's claims against him arise out of his service and role as an arbitrator in the underlying dispute; as a result, Vowell asserts that his is entitled to absolute immunity and that all claims against him should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim. Plaintiff filed a response (Doc. 5) in which she appears to acknowledge that Vowell served as the arbitrator. Plaintiff, however, disagrees that Vowell should be dismissed.

In the Motion to Dismiss (Doc. 8) filed by Wolfe Jones and Hancock, they argue that the Court lacks subject matter jurisdiction. In particular, they argue that there is no diversity jurisdiction because plaintiff and defendants are citizens of the same state and the amount in controversy does not exceed $75,000. Wolfe Jones and Hancock alternately argue that plaintiff's claims should be dismissed for failure to state a claim. In particular, they argue that, because plaintiff's claims arise out of their representation of plaintiff at arbitration, those claims are barred by the absolute litigation privilege; they also argue that plaintiff cannot proceed on her fraud claim without proof of actual damages. In her response (Doc. 9), plaintiff appears to address the issue of subject matter jurisdiction. In particular, plaintiff appears to assert that the total aggregate amount of her damages is over

the federal threshold, and her fraud claims have been brought pursuant to 18 U.S.C. § 1038.

In the Motion to Dismiss (Doc. 13) filed by the ASB, it asserts that this action is due to be dismissed because (1) plaintiff fails to raise a federal question, there is no diversity of citizenship, and the amount of controversy in claims against each defendant fails to meet the jurisdictional threshold of $75,000; (2) to the extent that Count 5 of plaintiff's complaint is liberally construed, it cannot be sued pursuant to 42 U.S.C. § 1983; and (3) all claims are barred by the Eleventh Amendment to the United States Constitution. In her response (Doc. 15), plaintiff reiterates the allegations in her complaint, but does not address the ASB's arguments regarding lack of subject matter jurisdiction.

On January 23, 2019, Wolfe Jones and Hancock filed a suggestion of bankruptcy (Doc. 22), stating that plaintiff has filed a bankruptcy petition in the United States Bankruptcy Court for the Northern District of Alabama and requesting a stay. On January 28, 2019, plaintiff filed a response (Doc. 24) to the suggestion of bankruptcy. In her response, plaintiff asserts that she has conferred with the bankruptcy trustee and requests that the case proceed. (*Id*.).

## II. DISCUSSION

Because federal courts have limited jurisdiction, "a federal court has an independent obligation to review its authority to hear a case before it proceeds to

the merits." *Mirage Resorts, Inc. v. Quiet Nacelle Corp.*, 206 F.3d 1398, 1400-01 (11th Cir. 2000) (citing *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 18 and n.17 (1951)). "[A] federal court must inquire *sua sponte* into the issue whenever it appears that jurisdiction may be lacking." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Morrison*, 228 F.3d at 1260-61. In addition to the Court addressing the issue of subject matter *sua sponte*, the issue has been raised by three of the four defendants in this action. Therefore, before the Court can consider the merits-based arguments in the motions to dismiss or even the propriety of a stay due to plaintiff filing bankruptcy, it must determine whether it, in fact, has subject matter jurisdiction. *Cf. Crosby v. Monroe Cty.*, 394 F.3d 1328, 1331 n.2 (11th Cir. 2004) ("The automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362, does not extend to lawsuits initiated by the debtor.").

In her complaint, plaintiff asserts that the Court has jurisdiction because a federal question is presented. (Doc. 1, p. 3). Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." However, federal question jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *See Gully v. First Nat. Bank*, 299 U.S. 109,

112, 57 S. Ct. 96, 97, 81 L. Ed. 70 (1936) ("To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."); *Anderson v. Household Fin. Corp. of Alabama*, 900 F. Supp. 386, 388 (M.D. Ala. 1995) ("Whether the complaint states a federal question must be determined by examining the face of the complaint."). The Court finds that plaintiff has not alleged a federal question.

For one, plaintiff's complaint and attachment allege purported fraud, misrepresentation, and harassment with respect to an arbitration proceeding. That plaintiff cites to a "Federal Statue [sic] for Fraud" or alleges wrongdoing in the arbitration of claims initially filed in federal court does not transform this action into one invoking a federal question. (Doc. 1-1, p. 4); *see also Mason v. McPhillips, Shinbaum & Gill*, 454 F. App'x 758, 759-60 (11th Cir. 2011) (unpublished opinion) (finding no federal question where plaintiff cited the Fourteenth Amendment, Age Discrimination in Employment Act, Americans with Disabilities Act, the Civil Rights Act of 1964, and the Rehabilitation Act of 1973, but alleged claims amounting to purely state-law claims). Furthermore, plaintiff does not cite to any relevant constitutional provision or federal statute in the complaint or attachment. It appears that the only federal statute cited by plaintiff at all is 18 U.S.C. § 1038, and she did so only in a response (Doc. 9) to the Motion to

Dismiss (Doc. 8) filed by Wolfe Jones and Hancock. Plaintiff cannot amend her pleadings in a response to a motion to dismiss.[1] *See Payne v. Ryder Sys., Inc. Long Term Disability Plan*, 173 F.R.D. 537, 540 (M.D. Fla. 1997) ("Courts have held that a plaintiff cannot amend a complaint through statements in a brief. In *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101 (7th Cir.1984), the court held that a party could not: amend a complaint in a brief in opposition to a motion to dismiss. Also in *Jacobson v. Peat, Marwick, Mitchell & Co.,* 445 F.Supp. 518 (S.D.N.Y.1977), the court held that a party was not entitled to amend pleadings through statements in a brief.").

Finally, although plaintiff does not allege diversity jurisdiction, the Court will examine whether it exists. Section 1332(a) states that district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and is between "citizens of different States." *Id*. at § 1332(a)(1). "This

---

[1] Even if plaintiff could make a colorable claim that her claims are brought pursuant to 18 U.S.C. § 1038, they would fail. Section 1038 addresses criminal liability for false information and hoaxes. Section 1038(b) provides that a person may be liable in a civil action "to any party incurring expenses incident to any emergency or investigative response to that conduct, for those expenses." 18 U.S.C. § 1038(b). Courts have found that this provision does not create an independent cause of action that may be brought by a private citizen. *See, e.g.*, *Shophar v. Gorski*, No. CV 17-13322, 2018 WL 4442271, at *7 (E.D. Mich. June 5, 2018), *report and recommendation adopted*, No. 17-CV-13322, 2018 WL 4442268 (E.D. Mich. Sept. 18, 2018), and *report and recommendation adopted sub nom. Shophar v. Gyllenborg*, No. 17-CV-13900, 2018 WL 4442270 (E.D. Mich. Sept. 18, 2018) (finding that Section 1038(b) was designed to deal with criminal or terrorist hoaxes and does not create a private right of action); *Johnson v. Working Am., Inc.*, No. 1:12 CV 1505, 2012 WL 3074775, at *2–3 (N.D. Ohio July 30, 2012) ("The 'Civil Action' provided by the statute only exists as additional enforcement against a party who engages in a criminal violation of 18 U.S.C. § 1038(a)(1). It does not represent an independent civil cause of action for which a private citizen may file a complaint.").

statute and its predecessors have consistently been held to require complete diversity of citizenship. That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978) (emphasis in original). Here, it is clear that plaintiff and every defendant are citizens of the same state, the State of Alabama, and therefore are not diverse. Thus, the Court need not even consider whether the amount in controversy exceeds the statutory minimum of $75,000.

Nonetheless, the Court concludes that the statutory threshold for the amount in controversy is not met. "The general rule with respect to the aggregation of the claims of a plaintiff against two or more defendants is that 'where a suit is brought against several defendants asserting claims against each of them which are separate and distinct, the test of jurisdiction is the amount of each claim, and not their aggregate.'" *Jewell v. Grain Dealers Mut. Ins. Co.*, 290 F.2d 11, 13 (5th Cir. 1961) (quoting *Cornell v. Mabe*, 206 F.3d 514, 516 (5th Cir. 1953)).[2] The exception to this general rule is where two or more defendants are jointly liable to the plaintiff. Here, plaintiff claims damages in the amount of $20,000 against each defendant – in other words, the damages claimed against each defendant is less than the statutory minimum of $75,000. And, plaintiff does not allege joint and several liability; therefore, the damages against defendants may not be combined to

---

[2] In *Bonnie v. Prichard*, 661 F.2d 1206 11th Cir. 1981), the Eleventh Circuit adopted as precedent all cases handed down in the Fifth Circuit prior to October 1, 1981.

8

meet the statutory minimum. Consequently, the Court finds the amount in controversy requirement is not met either. *See* 28 U.S.C. § 1332(a) (conferring federal jurisdiction over controversies exceeding $75,000 between citizens of different states).

Finally, the Court notes that plaintiff has had the opportunity to demonstrate that subject matter jurisdiction exists – the issue was raised by Wolfe Jones, Hancock, and the ASB in their respective motions to dismiss – and she failed to do so. "The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007). Therefore, the Court will dismiss this action for lack of subject matter jurisdiction. *See, e.g.*, *Kamau v. Slate*, No. 4:11CV522-RH/CAS, 2013 WL 1883257, at *4 (N.D. Fla. Apr. 4, 2013), *report and recommendation adopted*, No. 4:11CV522-RH/CAS, 2013 WL 1882187 (N.D. Fla. May 6, 2013) (adopting recommendation of dismissal where plaintiffs failed to respond with any facts which address whether the Court has subject matter jurisdiction).

## III. CONCLUSION

IT IS ORDERED the Motion to Dismiss (Doc. 8) filed by Wolfe Jones and Hancock is GRANTED insofar as it requests that this action be dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the Motion to Dismiss (Doc. 13) filed by the ASB is GRANTED insofar as it requests that this action be dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the Motion to Dismiss (Doc. 4) filed by Vowell is DENIED AS MOOT.

IT IS FURTHER ORDERED that this action is DISMISSED for lack of subject matter jurisdiction. The Clerk is ordered to close this file.

**DONE** and **ORDERED** this February 1, 2019.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE